## DISTRICT COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

| | |
|---|---|
| MANUEL GUTIERREZ, <br><br> Plaintiff, <br><br> v. <br><br> LAMAR CONTRACTORS, LLC, <br><br> Defendant. <br> _____ <br><br> LAMAR CONTRACTORS, LLC, <br><br> Third Party Plaintiff, <br><br> v. <br><br> CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON SUBSCRIBING ON POLICY NO. BAPCPS23091, <br><br> Third Party Defendant. <br> _____ | 1:22-cv-00014-WAL-EAH <br><br><br><br><br><br><br><br> 1:22-cv-00014-WAL-EAH |

**TO:** Andrew C. Simpson, Esq.
David J. Cattie, Esq.
Steven B. Loeb, Esq.
Neal R. Novak, Esq.

### ORDER

**THIS MATTER** comes before the Court sua sponte.

Manuel Gutierrez filed an amended complaint in this diversity action for breach of contract against Defendant Lamar Contractors, LLC in May 2022. Dkt. No. 11. The Court set an initial conference for June 2022; the parties filed discovery memoranda and a report of their Rule 26(f) meeting. Dkt. Nos. 16-18. At the initial conference, Lamar indicated that it

*Gutierrez v. Lamar Contractors, LLC.*
1:22-cv-00014-WAL-EAH
Order
Page 2

would again ask its insurer, Certain Underwriters at Lloyd's of London ("Lloyd's"), whether it would defend it in this matter, and would file a notice once it received a response. In its notice filed in July 2022, Lamar stated that Lloyd's denied its demand for defense and thus it would be filing a claim against Lloyd's. Dkt. No. 21. Later that month, Lamar filed a Third Party Complaint against Lloyd's. Dkt. No. 24. In September 2022, Lloyd's filed a motion to dismiss for failure to state a claim against Lamar, Dkt. Nos. 36, 27; Lamar filed an opposition, Dkt. No. 40, and Lloyd's filed a reply, Dkt. No. 41. That is the last entry on the docket in this case.

In order to ensure that this litigation progresses, the Court will schedule a status conference with the objective of issuing a scheduling order. As a result, Gutierrez and Lamar shall be required to update their discovery memoranda, and Lloyd's will be directed to file one, and the parties shall submit a report of their Rule 26(f) meeting prior to the status conference.

Accordingly, it is hereby **ORDERED**:

1. A status conference will be held in this case on **April 24, 2023 at 11:00 a.m.** in STX Courtroom 3. Off-island counsel may appear by videoconference.

2. The parties shall exchange initial disclosures pursuant to Rule 26(a)(1), to the extent they have not done so previously, and shall confer pursuant to Rules 26(f)(1) and (2), by **April 5, 2023**.

*Gutierrez v. Lamar Contractors, LLC.*
1:22-cv-00014-WAL-EAH
Order
Page 3

3. Each party shall file with the Court a Discovery Memorandum, pursuant to Rule 26(f)(3) of the Federal Rules of Civil Procedure and Rule 16.1 of the Local Rules of Civil Procedure, on or before **April 17, 2023**.

4. In compliance with the requirements set forth in Federal Rules of Civil Procedure Rule 26(f)(3) and Local Rules of Civil Procedure Rule 16.1, each party's **Discovery Memorandum** shall include:

   a. a brief statement of the facts underlying the claims or defenses in the action and the legal issues in the case;

   b. a description of all discovery conducted by the party to date;

   c. a description of all discovery problems encountered to date, the efforts undertaken by the party to remedy these problems, and the party's suggested resolution of the problems;

   d. a description of the party's further discovery needs, including any special needs (e.g., videotape or telephone depositions, problems presented by off-island witnesses or documents, etc.), the subjects on which and amount of discovery needed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;

   e. the party's estimate of the time needed to complete discovery and a proposed deadline for completion of factual discovery;

*Gutierrez v. Lamar Contractors, LLC.*
1:22-cv-00014-WAL-EAH
Order
Page 4

      f. any issues regarding disclosure, discovery, or preservation of electronically stored information (ESI), including the form or forms in which it should be produced;

      g. any issues regarding claims of privilege or of protection as trial-preparation materials;

      h. a statement regarding whether expert testimony will be necessary, including the number of experts and subject areas anticipated, the party's anticipated schedule for retention of experts and submission of their reports, and proposed expert deadlines, including completion of expert depositions;

      i. a statement regarding whether there should be any limitation placed upon use of any discovery device and, if so, the reason the limitation is sought;

      j. a statement regarding whether the parties believe that the case may be susceptible to resolution through mediation;

      k. proposed deadlines for: the joinder of additional parties; amendments to the pleadings; and any further mediation conferences pursuant to LRCi 3.2;

      l. an estimate of the trial time needed; and,

      m. any other issues that the party deems relevant or helpful in considering and establishing the Scheduling Order; and

*Gutierrez v. Lamar Contractors, LLC.*
1:22-cv-00014-WAL-EAH
Order
Page 5

    n. any known areas of disagreement between the parties in the areas covered by the Discovery Memorandum.

ENTER:

Dated: March 23, 2023

/s/ Emile A. Henderson III
EMILE A. HENDERSON III
U.S. MAGISTRATE JUDGE