# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| MANUEL GUTIERREZ | ) |
|               Plaintiff | ) Civil No. 2022-cv-00014 |
|   v. | ) |
| LAMAR CONTRACTORS, LLC | ) |
|               Defendant/Third Party Plaintiff | ) |
|   v. | ) |
| CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON subscribing on Policy No. BAPCPS23091 | ) |
|               Third Party Defendant | ) |

### DEFENDANT/THIRD-PARTY PLAINTIFF LAMAR CONTRACTORS, LLC'S DISCOVERY MEMORANDUM PURSUANT TO LOCAL RULE 16.1

Defendant, LAMAR CONTRACTORS, LLC ("Lamar"), by and through its undersigned counsel, David J. Cattie, Esq. of The Cattie Law Firm, P.C. files this Discovery Memorandum pursuant to Local Rule 16.1(a).

### PRELIMINARY STATEMENT

Defendant/Third-Party Plaintiff Lamar does not intend to be limited by these answers; they are provided to comply with Local Rule 16.1 and this Court's Order. [ECF # 42]. This Rule is not intended to compel the disclosure of work product or confidential communications between counsel and client.

**(1) A BRIEF STATEMENT OF THE FACTS UNDERLYING THE CLAIMS OR DEFENSES IN THE ACTION AND OF THE LEGAL ISSUES IN THE CASE.**

*Gutiérrez v. Lamar Contractors, LLC v. Certain Underwriters at Lloyd's of London; Case No. 2022-cv-00014*
LRCi 16.1 Memorandum
P a g e | 2

This is a matter with some considerable history behind it. The parties, including its insurer and third-party Defendant, Lloyd's of London, have previously attempted to resolve these claims without success. In 2018 Lamar had rented numerous vehicles from Centerline Car Rental, of which Plaintiff was the former owner. Plaintiff contends that many of the vehicles were returned in damaged condition, and that others had been stolen or vandalized during the rental period. Plaintiff contends that the rental agreements required Lamar to pay for any damages to the vehicles and to pay for other economic damages related to the loss of use to the vehicles, and some attendant costs associated therewith. Plaintiff also contends that Lamar was negligent it their use and possession of the subject rental vehicles.

On February 7, 2022, Plaintiff filed suit against Lamar alleging breach of contract related to the damages/losses related to Lamar's rental of 39 vehicles. [ECF # 1]. On May 1, 2022 Plaintiff filed a First Amended Complaint [ECF # 11] adding a count for negligence. Lamar filed its Answer to the First Amended Complaint [ECF # 12] denying the allegations and denying liability. Lamar has also contended that the Plaintiff as the former owner of Centerline does not have standing to bring the claims in the complaint as he is not the true party in interest. Plaintiff contends the rights to these claims were assigned to him when he sold his interest in Centerline Car Rental.

The claims in the case are years old and the vehicles at issue have been sold, scrapped, or otherwise disposed of without Lamar having had the opportunity to assess the damage claims. In addition, many of the allegations of damage contained in the claims are based on Centerline's own assessment of the damage to the vehicles, not those of an independent assessment. Because Lamar has been denied the opportunity to assess the damage to the vehicles, there are issues of spoliation

*Gutiérrez v. Lamar Contractors, LLC v. Certain Underwriters at Lloyd's of London; Case No. 2022-cv-00014*
LRCi 16.1 Memorandum
P a g e | 3

and destruction of evidence at play in this case. Counsel has not yet had an opportunity to assess all of the information provided by Plaintiff's counsel, however.

It should be noted that Lamar had a contract of insurance with a syndicate of Lloyd's of London to cover the claims in Plaintiff's complaint. Plaintiff and Lloyd's had attempted to settle the claims for the vehicle damage. Lloyd's has since denied Lamar's demand for defense and (partially) its claim for indemnification. Lamar filed a third-party complaint against Lloyd's seeking, inter alia, defense and indemnification from Plaintiff's claims. Lloyd's filed a motion to dismiss the third-party complaint which has been fully briefed.

**(2)** A DESCRIPTION OF ALL DISCOVERY CONDUCTED BY THE PARTY TO DATE;

### *(a) Fed. R. Civ. P. 26(f)*

A proposed scheduling order has been exchanged between all the parties setting out a discovery plan. The parties will conduct further conferences on this plan before submitting it to the Court for approval.

### *(b) Fed. R. Civ. P. Rule 26(a)*

The parties exchanged initial discovery on April 5, 2023, which included documentation from Plaintiff which included rental agreements, photos and internal damage assessments for the subject vehicles. Lamar and Lloyd's also exchanged documentation regarding the insurance policy, Lamar's demand for coverage and Lloyd's (partial) denials.

**(3)** A DESCRIPTION OF ALL DISCOVERY PROBLEMS ENCOUNTERED TO DATE, THE EFFORTS UNDERTAKEN BY THE PARTY TO REMEDY THESE PROBLEMS, AND THE PARTY'S SUGGESTED RESOLUTION OF THE PROBLEMS;

*Gutiérrez v. Lamar Contractors, LLC v. Certain Underwriters at Lloyd's of London; Case No. 2022-cv-00014*
LRCi 16.1 Memorandum
P a g e | **4**

None to date.

### (a) Suggested Resolution

No court intervention is needed at this time.

**(4) ANY ISSUES REGARDING DISCLOSURE, DISCOVERY, OR PRESERVATION OF ELECTRONICALLY STORED INFORMATION (ESI), INCLUDING THE FORM OR FORMS IN WHICH IT SHOULD BE PRODUCED;**

It appears at this time that Plaintiff has secured ESI from Centerline and has produced much of it in PDF form.  Lamar does not anticipate any issues related to the disclosure from Plaintiff, except that some of the photos contained the emails provided by Plaintiff contain grainy photos of what is assumed to be damages to the subject vehicles.  Lamar will need to obtain the original emails to view the color photos of the vehicles.  Lamar is checking its records for these but may need to access Centerline's email archives if it cannot find the original emails.  Lamar anticipates that it will need to subpoena further records from Centerline as Plaintiff is no longer associated with the company.  There may also be issues with the availability of the vehicles to conduct independent assessment of the alleged damages.

**(5) ANY ISSUES REGARDING CLAIMS OF PRIVILEGE OR OF PROTECTION AS TRIAL PREPARATION MATERIALS;**

None.

**(6) A DESCRIPTION OF THE PARTY'S FURTHER DISCOVERY NEEDS, INCLUDING ANY SPECIAL NEEDS (E.G., VIDEOTAPE, TELEPHONE DEPOSITIONS, OR PROBLEMS WITH OFF ISLAND WITNESSES OR DOCUMENTS);**

*Gutiérrez v. Lamar Contractors, LLC v. Certain Underwriters at Lloyd's of London; Case No. 2022-cv-00014*
LRCi 16.1 Memorandum
P a g e | **5**

Lamar will need to depose Plaintiff and any witness identified who can testify as to the extent of any damages (including damages for loss of use, registration expenses, etc.)  Lamar will likely need to subpoena documents from Centerline and depose Centerline ownership and employees who were employed in 2018–2019-time frame.  Lamar does not anticipate any issues with conducting off-island discovery as Zoom® or other remote means can be used.  Lamar will also need to depose a representative of Lloyd's as well as the agent/broker from Theodore Tunick and Company regarding the (partial) denial of the claims/coverage.

**(7) THE PARTY'S ESTIMATE OF THE TIME NEEDED TO COMPLETE DISCOVERY;**

The parties will submit a proposed scheduling order to the Court with agreed upon dates for discovery, but 11 months' of discovery will be needed.

**(8) A STATEMENT REGARDING WHETHER EXPERT TESTIMONY WILL BE NECESSARY, AND THE PARTY'S ANTICIPATED SCHEDULE FOR RETENTION OF EXPERTS AND SUBMISSION OF THEIR REPORTS;**

Lamar will likely retain an economic expert to challenge the calculations of damages by Plaintiff, including auto experts to challenge the claims for physical damage to the vehicles.  Lamar will need 75 days after the close of fact discovery to conduct expert discovery.

**(9) LIMITATIONS ON THE USE OF ANY DISCOVERY DEVICE AND THE REASON THEREFORE**

None.

**(10) STATEMENT REGARDING WHETHER THE PARTIES BELIEVE THAT THE CASE MAY BE SUSCEPTIBLE TO RESOLUTION THROUGH MEDIATION.**

*Gutiérrez v. Lamar Contractors, LLC v. Certain Underwriters at Lloyd's of London; Case No. 2022-cv-00014*
LRCi 16.1 Memorandum
P a g e | **6**

Yes. Lamar would need Lloyd's to be an active participant in any attempts at resolution. Lloyd's will not likely seriously participate in resolving these claims while its motion to dismiss is pending.

**(11) PROPOSED DEADLINE FOR THE JOINDER OF ADDITIONAL PARTIES; AMENDMENTS TO THE PLEADINGS; AND ANY FURTHER MEDIATION CONFERENCES PURSUANT TO LRCi 3.2;**

The parties will submit a proposed scheduling order with these dates.

**(12) ESTIMATED TIME NEEDED FOR TRIAL**

2.5 to 3 days exclusive of jury selection.

**(13) ANY OTHER ISSUES THAT THE PARTY DEEMS RELEVANT OR HELPFUL IN CONSIDERING AND ESTABLISHING A SCHEDULING ORDER;**

None.

**(14) ANY KNOWN AREAS OF DISAGREEMENT BETWEEN THE PARTIES IN THE AREAS COVERED BY THE DISCOVERY MEMORANDUM;**

None.

*Gutiérrez v. Lamar Contractors, LLC v. Certain Underwriters at Lloyd's of London; Case No. 2022-cv-00014*
LRCi 16.1 Memorandum
P a g e | **7**

                                        **The Cattie Law Firm, P.C.**

DATE: April 6, 2022               /s/DAVID J. CATTIE
DAVID J. CATTIE, ESQ.
V.I. Bar No. 964
1710 Kongens Gade
St. Thomas, USVI 00802
Telephone: 340.775.1200
Facsimile:  800.878.5237
david.cattie@cattie-law.com

*For Defendant Lamar Contractors, LLC*