IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| MANUEL GUTIERREZ ) | |
| ) | Civil No. 2022-cv-00014 |
| Plaintiff ) | |
| v. ) | |
| ) | |
| LAMAR CONTRACTORS, LLC ) | |
| ) | |
| Defendant/Third Party Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| CERTAIN UNDERWRITERS AT LLOYD'S OF ) | |
| LONDON subscribing on Policy No. ) | **JURY TRIAL DEMANDED** |
| BAPCPS23091 ) | |
| ) | |
| Third Party Defendant ) | |

## OPPOSITION TO THIRD-PARTY DEFENDANT CERTAIN UNDERWRITERS AT LLOYD'S LONDON'S MOTION TO SEVER OR BIFURCATE

Third Party Plaintiff LAMAR CONTRACTORS, LLC ("Lamar") file this Opposition to Third Party Defendant's, Certain Underwriters of Lloyd's London's ("Lloyd's"), Motion/Memorandum to Sever or Bifurcate [ECF # 48-49] as says:

Lloyd's graciously seeks to sever or bifurcate Lamar's claims against it from Gutierrez's claims against Lamar "to allow Mr. Gutierrez to prosecute his claims and, in the process, develop all the facts." [ECF 49 at 2]. Lloyd's further asserts that granting its motion "will avoid unnecessary delay that disadvantages Mr. Gutierrez because he has little to no interest in whether Lamar has insurance coverage so long as Lamar is a solvent entity." [ECF # 49 at 10]. While Mr. Gutierrez is undoubtfully thankful for Lloyd's concern over his ability to economically prosecute his case, Gutierrez is ably represented by experienced counsel who could raise that issue if he so desired. Moreover, Lloyd's may have forgotten that Lamar already asked Gutiérrez if he

Case: 1:22-cv-00014-WAL-EAH Document #: 51 Filed: 04/11/23 Page 2 of 7

*Manuel Gutierrez v. Lamar Contractors, LLC v. Certain Underwriter's at Lloyd's London*; Case No. 2022-cv-00014
Opposition to Motion to Sever/Bifurcate
P a g e | **2**

had any objection to the third-party complaint, and he did not. [*See* ECF # 22 at 1]. As such, Lloyd's desire to protect Gutiérrez's interest is not a basis upon which Lloyd's can obtain relief.

Lloyd's also contends that Lamar's claims against Lloyd's are so distinct from Gutierrez's claims against Lamar that litigating them in the same action is a waste of resources and that it should not have to engage in discovery while the motion is pending.[1] The claims, however, are not nearly as independent as Lloyd's suggests. Lloyd's admits, at least in part, that if Lamar is held liable to Gutiérrez for the damage claims to the vehicles, "some portion may be covered under the Physical Damage Coverage Form (Section III) [of the insurance policy], while other portions may not be covered." [ECF # 49 at 9]. The nature, extent, and types of damages to the subject vehicles is precisely the type of information to be fleshed out in discovery. As such, **all parties** will have a need for this information and it is best that this discovery be conducted once, rather than twice as Lloyd's requests. Regardless of whether Lloyd's is going to seek discovery, Lamar is certainly going to seek discovery against it. As such, there is no additional cost or burden to Lloyds. Moreover, if Lloyd's does not feel that it needs to make written discovery demands on the parties or attend depositions of fact or expert witnesses, there is no legal requirement that it do so. Lloyd's attorneys are free to sit out the portions of discovery in which it believes it has no interest. As such, there is no unnecessary cost on Lloyd's remaining in the case.

---

[1] *Vitalis v. Crowley Caribbean Services, LLC*, 2021 WL 4494192, at *2 (D.Virgin Islands, 2021)("In the event the parties and counsel were unaware of the generally accepted rubric that the mere filing of a motion to dismiss does not stay discovery, they should be aware of this Court's Local Rules of Civil Procedure Rule 26.6, which specifically provides: 'The filing of a motion under Federal Rule of Civil procedure [sic] 12 does not automatically operate to stay discovery. Any party seeking a stay of discovery must apply to the Court for such relief.' Thus, the mere filing of a motion to dismiss by defendants is not enough, in itself, to warrant a stay of discovery.")

*Manuel Gutierrez v. Lamar Contractors, LLC v. Certain Underwriter's at Lloyd's London*; Case No. 2022-cv-00014
Opposition to Motion to Sever/Bifurcate
P a g e | 3

I.   Lloyd's does not meet the standard for severance under Fed.R.Civ.P. 14(a)(4).

Federal Rule of Civil Procedure 14(a)(4) for provides that "[a]ny party may move to strike the third-party claim, to sever it, or to try it separately." In deciding whether to grant a severance, the court is required to "balance the factors of benefit and prejudice that will result from the alternative courses." *Cruzan Terraces, Inc. v. Antilles Ins., Inc.,* 138 F.R.D. 64, 65 (D.V.I. 1991). The factors to be considered are:

> (1) whether the issues sought to be tried separately are significantly different from one another, (2) whether the separable issues require the testimony of different witnesses and different documentary proof, (3) whether the party opposing the severance will be prejudiced if it is granted, and (4) whether the party requesting the severance will be prejudiced if it is not granted.

*Galt Capital, LLP v. Seykota*, 2002 WL 31887706, at *3 (D.Virgin Islands,2002)  However,

> [a] third-party claim may be asserted under Rule 14(a) only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to defendant. …
>
> *FDIC v. Bathgate*, 27 F.3d 850, 873 (3d Cir. 1994) (quoting C.A. Wright, A. Miller, M.K. Kane, *Federal Practice and Procedure*, Vol. 6, § 1446, at 355-58 (1990) (quotation marks omitted)); *see also Gamble v. Treetop Dev., LLC*, 2017 U.S. Dist. LEXIS 124271, at *3, 2017 WL 3392356 (M.D. Pa. Aug. 7, 2017). "[T]hird party claims must be brought under some theory of secondary liability **such as indemnification, contribution, or some other theory of derivative liability recognized by relevant substantive law**." *Wilhelm Reuss*, 2017 U.S. Dist. LEXIS 201308, at *4-5, 2017 WL 6055775.

*Turner Consulting and Contracting, LLC v. GMS Manufacturing Corp.*, 2020 WL 2517015, at *1 (D.Virgin Islands, 2020)(emphasis added).

Courts note that when there is "some overlap" between the original plaintiff's claims and the claims against the third-party defendant, severance is not preferred. As the Court in *J.R. Simplot Company v. McCain Foods USA, Inc.*, 2020 WL 878288 (D.Idaho, 2020) explained:

*Manuel Gutierrez v. Lamar Contractors, LLC v. Certain Underwriter's at Lloyd's London*; Case No. 2022-cv-00014
Opposition to Motion to Sever/Bifurcate
P a g e | **4**

> Simplot argues that their indemnity claims are inextricably intertwined with the infringement claims and that due to their related nature, it makes sense to litigate the claims together. Again, Simplot points to the Court's prior decision and findings that **there are ways to deal with any potential confusion shy of separate discovery and separate trials**.
>
> Third-Party Defendants do not disagree that there is *some* overlap in the claims, but argue that Simplot's position ignores the fact that they deny they are obligated to indemnify or defend Simplot in the first place.
>
> Ultimately, while there are multiple claims at issue in this case, Third-Party Defendants involvement is integral to the issues of infringement of the '540 patent. This conclusion cuts against staying and severing the indemnity claims.

*J.R. Simplot Company* at *18.

Here, the claims for contribution and indemnification are precisely the types of claims properly raised in a third-party complaint. *See Turner Consulting and Contracting, LLC.* Contrary to Lloyd's assertion, the claims between Gutierrez and Lamar and Lamar and Lloyd's are not so different that severance is preferrable. By its own admission, Lloyd's may have some liability under the insurance policy for damages claimed by Gutierrez depending on the types and nature of the damages which Gutierrez claims Lamar caused to the vehicles. As such, that discoverable information will be relevant (and central) to the Gutierrez claims and Lamar's claims. The witnesses and discoverable information will overlap between the two claimants. As such, the first two factors weigh against severance. *See Galt Capital, LLP, supra.* Moreover, Lamar will be prejudiced by severance because it will have to engage in discovery in two separate cases for issues which share common factors, evidence, and witnesses. Lloyd's, however, will suffer no prejudice if severance is denied at this stage. The only potential prejudiced cited by Lloyd's is that a jury may be prejudiced against it because the jury would know that Lamar could be indemnified against the Gutierrez claims. That *may* be a proper consideration (at some stage) for bifurcation, but not

Case: 1:22-cv-00014-WAL-EAH   Document #: 51   Filed: 04/11/23   Page 5 of 7

*Manuel Gutierrez v. Lamar Contractors, LLC v. Certain Underwriter's at Lloyd's London*; Case No. 2022-cv-00014
Opposition to Motion to Sever/Bifurcate
P a g e | 5

for severance. Moreover, under any circumstances, if Lamar's claims against Lloyd's go to trial a jury is going to know about Lloyd's potential duty to indemnify Lamar. Lloyd's cannot seriously claim that a jury's resolution of a claim of indemnification/contribution against it constitutes prejudice, for if it did, insurers would be immune from suit. The prohibition against a plaintiff introducing evidence of liability insurance under Fed.R.Evid. 411 is not at play here because that restriction would only apply if used to prove that Lamar acted negligently or wrongfully. There is nothing untoward about Lamar introducing evidence that Lloyd's is liable to it for any alleged damages. As such, Lloyd's fails to meet any of the factors for severance.

Also, it is improper to consider a motion for severance/bifurcation while a motion to dismiss is pending. *See Estate of Grieco by Grieco v. National Medical Consultants, P.C.*, 2021 WL 1248533, at *5 (D.N.J., 2021)("the Motion to sever or bifurcate the Third-Party Action from the First-Party Action will be denied. As a preliminary matter, Collini's motion to dismiss the third-party complaints against him was never resolved on its merits.[]To the extent the pleadings in the Third-Party Action have not yet been settled, it is premature to evaluate whether severance or bifurcation of the Third-Party Action would be appropriate.")

    II.    <u>Lloyd's does not meet the standard for bifurcation under Fed.R.Civ.P. 42(b).</u>

"Motions to bifurcate are governed by Federal Rule of Civil Procedure 42, which provides, in relevant part, that '[f]or convenience, to avoid prejudice, or to expedite and economize, the [C]ourt may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims.'" *Clarity Sports International LLC v. Redland Sports*, 400 F.Supp.3d 161, 184 (M.D.Pa., 2019) quoting Fed. R. Civ. P. 42(b). Notably, "bifurcation is disfavored in the Third Circuit." *Id.*

*Manuel Gutierrez v. Lamar Contractors, LLC v. Certain Underwriter's at Lloyd's London*; Case No. 2022-cv-00014
Opposition to Motion to Sever/Bifurcate
P a g e | **6**

> …Federal Rule of Civil Procedure 42(b), [] provides that a court may order a separate trial "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). Under this rule, the district court has broad discretion to grant or deny a motion to bifurcate claims. [] Bifurcation "is not to be routinely ordered" and should be done on a case by case basis "where experience has demonstrated its worth." []
>
> The moving party has the burden to show that bifurcation is proper under Rule 42(b). [] In determining whether to bifurcate claims, a district court should consider "the convenience of the parties, avoidance of prejudice to either party, and promotion of the expeditious resolution of the litigation." []

*Reeves v. Travelers Companies*, 2017 WL 1361546, at *1 (E.D.Pa., 2017)(some citations omitted).

Lloyd's fails to even approach its high burden here. Indeed, Lloyd's does not explain how, at all, its request for severance differs from its request for bifurcation. Bifurcating the claims will do the opposite of promoting the expeditious resolution of the litigation. Rather than addressing the admittedly closely related claims between Gutierrez and Lamar and Lamar and Lloyd's, Lamar will be stuck addressing the intertwined cases twice. Lloyd's already concedes that it is partially liable to Lamar for some portion of Gutierrez's claims (if proven). [*See* ECF # 49 at 10, fn. 7]("It was, and is, Underwriters' position that the only coverage available to Lamar is for a loss to a covered auto under the comprehensive or collision coverages provided in Section III of the Policy. Exhibit 1, Part 1 at UWS 0029-30. Underwriters submit that none of the **other** damages sought by Gutierrez are covered under the Policy.")(emphasis added).

Lamar disagrees that this is the extent of Lloyd's obligation to it for Gutierrez's claims, but the very fact that Lloyd's admits to partial liability defeats any assertion that the cases should be severed or bifurcated. Moreover, Lloyd's request for bifurcation is premature. The parties have not even begun the discovery process. *See Wilkinson v. Mut. of Omaha Ins. Co.*, No. 2:13-cv-09356, 2014 WL 880876, at *1 (S.D.W. Va. Mar. 6, 2014) (bifurcating trial proceedings before

Case: 1:22-cv-00014-WAL-EAH   Document #: 51   Filed: 04/11/23   Page 7 of 7

*Manuel Gutierrez v. Lamar Contractors, LLC v. Certain Underwriter's at Lloyd's London*; Case No. 2022-cv-00014
Opposition to Motion to Sever/Bifurcate
P a g e | **7**

the end of discovery would be premature); *Pryor v. State Farm Mutual Automobile Insurance Co.*, 2017 WL 354228, at *3 (S.D.Ohio, 2017)("it would be premature to order bifurcation at such an early stage in the discovery proceedings")

For the foregoing reasons, it is respectfully requested this Court deny Lloyd's motion.

**The Cattie Law Firm, P.C.**

DATE: April 11, 2023

/s/DAVID J. CATTIE
DAVID J. CATTIE, ESQ.
V.I. Bar No. 964
1710 Kongens Gade
St. Thomas, USVI 00802
Telephone: 340.775.1200
Facsimile:  800.878.5237
david.cattie@cattie-law.com

*For Defendant/Third Party Plaintiff*