# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| MANUEL GUTIERREZ ) | |
| ) | Civil No. 2022-cv-00014 |
| Plaintiff ) | |
| v. ) | |
| ) | |
| LAMAR CONTRACTORS, LLC ) | |
| ) | |
| Defendant/Third Party Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| CERTAIN UNDERWRITERS AT LLOYD'S OF ) | |
| LONDON subscribing on Policy No. ) | **JURY TRIAL DEMANDED** |
| BAPCPS23091 ) | |
| ) | |
| Third Party Defendant ) | |

## PROPOSED JOINT DISOVERY PLAN

Plaintiff Manuel Gutierrez and Defendant/Third Party Plaintiff Lamar Contractors, LLC, submit the following proposed joint discovery plan.**1**

---

1

The Third-Party Complaint is a coverage action brought by Lamar against Underwriters under a Business Automobile Policy. It requests a defense and indemnification per the Policy. Regarding the duty to defend, the insurer is obligated to defend if the complaint alleges sufficient facts that might trigger a defense obligation under the Policy. Underwriters do not need any discovery and do not foresee any discovery from Underwriters that Lamar needs now or in the future to resolve that question. Regarding the duty to indemnify, the insured has the initial burden of establishing coverage under the Policy. The factual dispute regarding damages is between Gutierrez and Lamar. Underwriters do not have any relevant, admissible information on the issue. As with the duty to defend, Underwriters do not need any discovery and do not foresee any discovery from Underwriters that Lamar needs now or in the future to resolve that question. The foregoing is Underwriters' position and is not shared by either Lamar or Gutierrez.

1

1.  **BRIEF STATEMENT OF THE FACTS AND LEGAL ISSUES**

This case arises out of the rental by Lamar Contractors, LLC ("Lamar") of a number of cars from Centerline Car Rentals, Inc. ("CCR"). Gutierrez, the former owner of CCR, is the assignee of claims for damages to the cars. Gutierrez alleges that Lamar rented the cars in good order and condition and returned them in damaged condition (with the exception of one car that was stolen and not returned). Gutierrez seeks to recover for the damage to the vehicles along with loss of use, interest on sums certain, and other damages. Lamar has denied that it is liable.

Lamar has filed a third-party complaint against Certain Underwriters at Lloyd's of London Subscribing to Policy No. BAPCPS23091 ("Underwriters") demanding they defend Lamar in the contract action filed by Gutierrez. They also seek indemnification for any damages awarded to Gutierrez. Underwriters deny they owe a defense to Lamar or that they will owe all of the damages sought by Gutierrez if Lamar is found liable. Pursuant to the terms of the Policy, Underwriters might owe Lamar an amount comprised of physical damage as described in Section III of the Business Auto Coverage Form. Underwriters further state the coverage action should be severed and they have filed a motion seeking such relief. Dkt. #48 and #49.

2.  **POSSIBILITIES FOR PROMPT SETTLEMENT OR RESOLUTION:**

The parties have had several discussions regarding settlement of these claims and plan on continuing these discussions.

3.  **PROCEDURAL STATUS:**

The parties have exchanged initial disclosures. Underwriters have moved to dismiss Lamar's Third-Party Complaint pursuant to Fed.R.Civ.P. 12(b)(6). That motion has been fully briefed by the parties and is ripe for disposition.

**4.   DISCOVERY PLAN:**

The Parties, subject to footnote 1, do not seek any other changes to the timing, form or requirements of disclosures under Rule 26(a). The Parties, subject to footnote 1, do not request any changes to the limitations on discovery imposed by these Rules or by local rule, including the number of depositions and interrogatories. The Parties, subject to footnote 1, do not anticipate the need for experts although it is possible that experts relating to some of the repairs to the vehicles might be required. Discovery should be conducted in phases with fact discovery to be taken in advance of any expert discovery. The Parties, subject to footnote 1, propose the following discovery plan:

> a.   Addition of Third Parties: Lamar has already filed a third-party complaint against Underwriters. The parties do not anticipate the addition of any additional third parties, but the deadline therefore shall be **May 30, 2023**
>
> b.   Factual Discovery: All fact discovery, including written discovery and fact witness depositions shall be completed by **November 15, 2023.** The presumptive limits of ten (10) depositions per side and twenty-five interrogatories per party shall apply.
>
> c.   Disclosure and discovery of electronically stored information: The Parties shall provide any digital files as digital files in PDF format and if a party needs metadata, then they must request it and the same (to the extent not objectionable) will be produced in its native format.
>
> d.   Plaintiff's experts will be named and the information and expert reports required by Fed. R. Civ. P. 26(a)(2)(b) shall be provided by **December 15, 2023.**
>
> e.   Defendants/Third Party Plaintiff's experts will be named and the

information and expert reports required by Fed. R. Civ. P. 26(a)(2)(b) shall be provided by **January 30, 2024.** Third Party Defendant's experts will be named and the information and expert reports required by Fed. R. Civ. P. 26(a)(2)(b) shall be provided by _____.

f.  All expert depositions will be completed by **March 15, 2024.**

g.  All motions, except motions in limine, will be filed in accordance with applicable rules or orders of the Court. All motions in limine must be filed in accordance with LRCi 7.2 (no later than 21 days before the day scheduled for jury selection).

h.  All potentially dispositive motions, including Daubert motions, shall be filed by **April 30, 2024**. This case should be ready for trial by **July 15, 2024** and is expected to last two-three days.

i.  Plaintiff will complete and deliver to Defendant/Third Party Plaintiff, and Defendant/Third Party Plaintiff will complete and deliver to Third Party Defendant their portions of the Joint Final Pretrial Order, in accordance with Appendix I to LRCi 16.1, on _____.

j.  Defendant/Third Party Plaintiff and Third-Party Defendant will complete and deliver their portions of the Joint Final Pretrial Order on _____.

k.  Plaintiff will prepare and file the final Joint Final Pretrial Order on _____. (The court will enforce LRCi 16.1(c)(1) regarding amendments to the Joint Final Pretrial Order).

l.  The final pretrial conference shall be held on _____.

m.  The trial of this matter is set for _____.

5. **DISCOVERY DISPUTES:** A LRCi 37.1 meet and confer letter shall be presented to the opposing party if there is a discovery dispute. If such discovery dispute cannot be worked out, a telephonic "discovery conference" with the Magistrate Judge will be requested. If there is still no resolution following the "discovery conference," then either party can file the Rule 37 Motion.

6. **ELECTRONICALLY STORED INFORMATION ("ESI"):**

    a. All ESI shall be produced in PDF format unless the discovery request specifies that the ESI is to be produced in native format; provided, however, that if the ESI's native format is accessible only by software not ordinarily used by law firms (e.g., specialized database software), in which case the parties shall confer and reach an agreement as to an acceptable format for production.

    b. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include metadata absent a specific request and if the request is proportional to the needs of the case. However, fields showing the date and time that an email or text was sent or received, as well as the complete distribution list, shall generally be included in the production.

7. **Mediation:** This claim presents a dispute between three business entities over a quantifiable amount of damages. The parties are represented by experienced counsel and are already discussing potential settlement. Although not opposed to mediation, the Plaintiff does not believe that it is necessary for the Court to order them to mediation as this is the type of dispute that should be able to be resolved informally. Lamar believes that Court ordered mediation will be useful in this case and requests that the Court include a mediation order and deadline in this matter.

    Underwriters submit this lawsuit presents a dispute between the assignee of 39 car rental agreements and the entity leasing those vehicles. That entity is insured by Underwriters who have

a separate dispute with the lessee over the extent to which coverage may exist under the Business Automobile Policy issued to the lessee. Underwriters agree this case does not easily lend itself to mediation, but if Lamar and Gutierrez are able to resolve their dispute, the coverage action will be resolved to the extent any component of the damage to any vehicle can be established as a covered loss under Section III of the Policy.

**8.     Dispositive Motions:**

It is anticipated that dispositive motions will be filed by Lamar and Gutierrez. Underwriters have a dispositive motion pending but reserve the right to file a Motion for Summary Judgment depending on the disposition of their pending Motion to Dismiss and pending Motion to Sever.

Respectfully submitted,

| **ANDREW C. SIMPSON, P.C.,**<br>Counsel for Manuel Gutierrez<br><br>By: /s/ Andrew C. Simpson, Esq.<br>Andrew C. Simpson, Esq.<br>VI Bar No. 451<br>ANDREW C. SIMPSON, P.C.<br>2191 Church Street, Suite 5<br>Christiansted, VI 00820<br>Tel: 340.719.3900<br>asimpson@coralbrief.com | **The Cattie Law Firm, P.C.**<br>Counsel for Lamar Contractors, LLC<br><br>By:  /s/  David J. Cattie<br>David J. Cattie, Esq.<br>V.I. Bar No. 964<br>1710 Kongens Gade<br>St. Thomas, USVI 00802<br>Telephone: 340.775.1200<br>Facsimile: 800.878.5237<br>david.cattie@cattie-law.com |
|---|---|
| **Novak Law Offices**<br>**Counsel for Underwriters**<br><br>By:/s/ Neal R. Novak, Esq.<br>Neal R. Novak, Esq. (VI Bar #1229)<br>Novak Law Offices<br>33 N. LaSalle St., Suite 1900<br>Chicago, IL  60602<br>(312) 425-2500 (office)<br>novak@novakjuris.com | **THIS SPACE LEFT BLANK** |