**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | | |
|---|---|---|
| MANUEL GUTIERREZ, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No: 1:22-cv-00014-WAL-EAH |
| LAMAR CONTRACTORS, LLC, | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |
| | ) | |
| LAMAR CONTRACTORS, LLC, | ) | |
| | ) | |
| *Third Party Plaintiff,* | ) | |
| v. | ) | Case No: 1:22-cv-00014-WAL-EAH |
| | ) | |
| CERTAIN UNDERWRITERS AT LLOYD'S | ) | |
| OF LONDON SUBSCRIBING ON POLICY | ) | |
| NO. BAPCPS23091, | ) | |
| | ) | |
| *Third Party Defendant.* | ) | |

**THIRD PARTY DEFENDANT CERTAIN UNDERWRITERS AT LLOYD'S,**
**LONDON'S DISCOVERY MEMORANDUM PURSUANT TO LOCAL RULE 16.1**

Third-Party Defendant, Certain Underwriters at Lloyds, London Subscribing to Policy

No. BAPCPS23091 ("Underwriters"), by and through counsel, files this Discovery

Memorandum pursuant to Local Rule 16.1(a).

**I.      Preliminary Statement**

Underwriters do not intend to be limited by the information provided herein; this

Memorandum is filed to comply with Local Rule 16.1 and this Court's Order dated March 23,

2023. Dkt. #42.

## II.    A Brief Statement of the Facts Underlying the Claims or Defenses in the Action and of the Legal Issues in the Case

The primary dispute is a 39 count First Amended Complaint for breach of contract that Manuel Gutierrez brought against Lamar with a single additional count (#40) attempting to sound in negligence. Mr. Gutierrez was the former owner of Centerline Car Rentals, Inc. Upon selling the business, Mr. Gutierrez purportedly retained the rights to recover for alleged damage to each vehicle caused by independent contractors and employees of Defendant Lamar Contractors, LLC. Lamar, a Louisiana-based entity, came to St. Croix following Hurricanes Irma and Maria to provide services to repair and restore the Island following the storms. Mr. Gutierrez is the purported assignee of Centerline and contends the rental agreements required Lamar to pay for various different types of damages to the vehicles and for other economic loss sustained.

On February 7, 2022, Plaintiff filed suit against Lamar alleging 39 counts for breach of contract for those damages. Dkt. #1. Underwriters denied Lamar's defense tender under the Business Automobile Policy they issued to Lamar for various reasons, including but not limited to the fact that the Policy does not cover damages assumed in a contract. On May 1, 2022, Gutierrez filed a First Amended Complaint adding a count for negligence. Dkt. #11. Underwriters denied Lamar's second defense tender for similar reasons. Thereafter, Lamar filed a Third-Party Complaint against Underwriters asking the Court to declare that Underwriters had a duty to defend and to indemnify Lamar for the losses at issue in the contract disputes. Dkt. #24. Underwriters filed a Rule 12(b)(6) Motion to Dismiss and that matter has been fully briefed since November 22, 2022 and is ripe for disposition. Dkt. #36, #37 and #41.

Thereafter, Underwriters also filed a Motion to Sever or to Bifurcate the Third-Party Complaint from the Underlying Action for the reasons set forth in that Motion, but primarily

because it is Underwriters' view that the Gutierrez Claims and the Coverage Action are two separate, discrete actions. Dkt. #48 and #49.

### III.     A Description of All Discovery Conducted by the Party to Date

#### A.     Fed. R. Civ. P. 26(f)

A Proposed Scheduling Order has been exchanged between the parties and filed this date.

#### B.     Fed. R. Civ. P. Rule 26(a)

Parties exchanged initial disclosures on April 5, 2023, which included the policy of insurance at issue and Underwriters' declination letters.

### IV.     A Description of All Discovery Problems Encountered to Date, the Efforts Undertaken by the Party to Remedy These Problems, and the Party's Suggested Resolution of the Problems

None to date.

### V.     Any Issues Regarding Disclosure, Discovery, or Preservation of Electronically Stored Information (ESI), Including the Form or Forms in Which it Should Be Produced

Underwriters have not encountered, and do not anticipate, any issues with ESI. Any information they have relating to the principal dispute between Gutierrez and Lamar has been provided by Centerline or Lamar and thus they do not have any competent admissible evidence to assist in the matters at issue between those 2 parties.

The Coverage Action turns on pure questions of law and thus it is not anticipated that there would be any ESI discovery involved for the Coverage Action.

### VI.     Any Issues Regarding Claims of Privilege or of Protection as Trial Preparation Materials

None.

**VII.**   **A Description of the Party's Further Discovery needs, Including any Special Needs (e.g., Videotape, Telephone Depositions, or Problems With Off Island Witnesses or Documents)**

None. Underwriters do not foresee the need for discovery to have the Coverage Action resolved. Similarly, Underwriters are not aware of any information they may possess that would assist the Court in resolving the Coverage Action. All information relevant thereto has been included with the pending Motion to Dismiss. Dkt. #36, #37 and #41.

**VIII.**   **The Party's Estimate of the Time Needed to Complete Discovery**

As noted above, Underwriters do not anticipate taking any discovery.

**IX.**   **A Statement Regarding Whether Expert Testimony Will Be Necessary, and the Party's Anticipated Schedule for Retention of Experts and Submission of Their Reports**

None.

**X.**   **Limitations on the Use of Any Discovery Device and the Reason Therefore**

None.

**XI.**   **Statement Regarding Whether the Parties Believe That The Case May Be Susceptible to Resolution Through Mediation**

The question of whether Underwriters have a duty to defend Lamar is not susceptible to mediation. The question of whether Underwriters have a duty to indemnify Lamar could possibly be mediated but the fact question of what damage was sustained by each vehicle needs to be answered first, and that burden falls to Lamar and Gutierrez to resolve. It has been Underwriters' position throughout the many claims submitted by Lamar involving the Centerline rental vehicles that physical damage to the vehicles may qualify as covered damages, subject to the other terms and conditions of the Policy, if it falls under the collision or comprehensive provision of the Auto Coverage Form. This is not a wholesale admission by Underwriters that the Gutierrez

Claims are covered, but a narrow statement that damages constituting physical damage as defined in the Policy would be considered for reimbursement.

**XII.   Proposed Deadline for the Joinder of Additional Parties; Amendments to the Pleadings; and any Further Mediation Conferences Pursuant to LRCi 3.2**

None.

**XIII.   Estimated Time Needed for Trial**

It is Underwriters' view that the Coverage Action will not proceed to trial. If it is not resolved pursuant to the pending Rule 12(b)(6) Motion, whether the Motion is granted or denied, it will be resolved at summary judgment.

Separately, Underwriters will not reiterate all of the points raised in their Motion to Sever or Bifurcate, but they submit to the Court that the Coverage Action should proceed on a separate track from the contract claims Mr. Gutierrez has brought against Lamar. Those are fact intensive claims that will require a substantial amount of discovery; on the other hand, the Coverage Action does not require any discovery.

**XIV.   Any Other Issues that the Party Deems Relevant or Helpful in Considering and Establishing a Scheduling Order**

None.

**XV.   Any Known areas of Disagreement Between the Parties in the Areas Covered by The Discovery Memorandum**

Underwriters and Lamar disagree about the need for discovery or the extent of any discovery that may be required.

Dated:  April 17, 2023                          Respectfully submitted,

                                                        /s/ Neal R. Novak
                                                Neal R. Novak, Esq. (VI Bar #1229)
                                                Novak Law Offices
                                                33 N. LaSalle St., Suite 1900
                                                Chicago, IL  60602

(312) 425-2500 (office)
novak@novakjuris.com