**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| **MANUEL GUTIERREZ,**<br><br>       **Plaintiff,**<br>  v.<br><br>**LAMAR CONTRACTORS, LLC,**<br><br>       **Defendant.**<br>_____ | 1:22-cv-00014-WAL-EAH |
| **LAMAR CONTRACTORS, LLC,**<br><br>       **Third Party Plaintiff,**<br><br>  v.<br><br>**CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON SUBSCRIBING ON POLICY NO. BAPCPS23091,**<br><br>       **Third Party Defendant.**<br>_____ | 1:22-cv-00014-WAL-EAH |

**TO:**   Andrew C. Simpson, Esq.
        *For Plaintiff*
        David J. Cattie, Esq.
        Steven B. Loeb, Esq.
        Neal R. Novak, Esq.

**MEMORANDUM OPINION & ORDER**

**THIS MATTER** comes before the Court on the "Third Party Defendant Certain Underwriters at Lloyd's London's Motion to Sever or, Alternatively, to Bifurcate the Third Party Complaint" ("Lloyd's"). Dkt. No. 48. Defendant Lamar Contractors, LLC, ("Lamar") filed an opposition, Dkt. No. 51, and Lloyd's filed a reply, Dkt. No. 57. For the reasons that follow, the Motion will be DENIED.

**BACKGROUND**

Plaintiff Manuel Gutierrez filed a diversity action for breach of contract against Lamar in February 2022 (the "Gutierrez Action"). Dkt. No. 1. Gutierrez alleged that he was the former owner of 100% of the stock of Centerline Car Rental, Inc. ("CCR") on St. Croix. He alleged that Lamar leased vehicles from CCR and was liable under the lease contract for damages the vehicles sustained while in Lamar's custody. *Id.* ¶ 8. The 54-page complaint contained 39 counts, each count detailing the damage allegedly sustained to various cars pursuant to 39 separate lease contracts. *Id.* at pp. 2-53. When Gutierrez sold his CCR stock, the company assigned certain receivables to him, including the claims asserted in the instant lawsuit; Lamar was thus liable to him for the damages set forth in each count, plus costs and attorney's fees. *Id.* at ¶¶ 1, 5, p. 53. Lamar filed an Answer in April 2022. Dkt. No. 10.

On May 1, Gutierrez filed an Amended Complaint that added a count alleging that the damage sustained to the vehicles described in Counts 1 through 20, and 22 through 39, was caused by Lamar's negligence in the operation or care of each vehicle.[1] Dkt. No. 11. Lamar filed an Answer that same day. Dkt. No. 12.

In July 2022, Lamar filed a Third-Party Complaint against Lloyd's (the "Coverage Action"), Dkt. No. 24, after having been granted leave to file by the Court, Dkt. No. 23. Lamar alleged that, having been hired for construction projects in the Virgin Islands following the 2017 hurricanes, it rented a large number of vehicles for its St. Croix operations. *Id.* ¶¶ 8-10.

---

[1] Count 21 involved a vehicle that was stolen. Dkt. No. 11 at 26-28.

*Gutierrez v. Lamar Contractors, LLC.*
1:22-cv-00014-WAL-EAH
Order
Page 3

To cover potential damages and claims related to the operation of those vehicles, it accepted the insurance policy at issue on February 28, 2019 which named Centerline as a loss payee and provided a combined single limit of $1,000,000 for all claims covering rental of the vehicles from Centerline. *Id*. ¶¶ 11-13. During 2018 and 2019, Centerline notified Lamar and Lloyd's that certain of the rented vehicles had been damaged or stolen while in Lamar's possession, and Centerline demanded that Lamar and Lloyd's pay for the damages. *Id*. ¶¶ 16-17. Centerline and Lloyds settled some claims but not others, and at some point broke off discussions. *Id.* ¶¶ 18-19. After Gutierrez filed his breach of contract complaint, Lamar notified Lloyd's of the lawsuit and served repeated demands on Lloyd's to defend and indemnify Lamar. *Id*. ¶¶ 20-35. Lloyd's conceded that it would be liable for the property damage claims if they were proven and if Gutierrez had standing to bring the claims, a position inconsistent with its denial of Lamar's demand for defense and indemnification. *Id*. ¶¶ 36-38. Lamar asserted claims for indemnity and contribution; breach of contract/breach of duties to defend and indemnify; bad faith; breach of the duty of good faith and fair dealing; fraud in the inducement; and declaratory judgment. *Id*. at 5-9.

Lloyd's filed a motion to dismiss the Coverage Action for failure to state a claim. Dkt. Nos. 36, 37. Lamar filed an opposition, Dkt. No. 40, and Lloyd's filed a reply, Dkt. No. 41.

In April 2023, Lloyd's filed the instant motion to sever, arguing that the issues in the Gutierrez Action were fact-based, concerning Lamar's obligations to Centerline/Gutierrez, and the amount/nature of the damages, while the Coverage Action involved questions of law—liability and coverage under an insurance policy—and would be resolved (or mostly

*Gutierrez v. Lamar Contractors, LLC.*
1:22-cv-00014-WAL-EAH
Order
Page 4

resolved) by the pending motion to dismiss, therefore obviating the need for discovery. *Id.* at 2, 6. Lloyd's asserts that it should not be required to engage in discovery before it knows what, if anything, is at issue with Lamar, *id*. at 6; economy and expediency favor severance, *id*. at 9; and Lloyd's would be prejudiced if the cases were not severed because the jury would know that Lamar may be potentially indemnified for physical damage of any loss Gutierrez could prove, *id*. at 9-10. Also, since the Coverage Action essentially seeks declaratory relief for which there is no jury trial, Lloyd's should not be forced to incur the time and expense of a jury trial. *Id.* at 10 (citing differences in Indiana and Illinois law between duty to defend and indemnify). In the alternative, the Court could bifurcate the actions and allow them to proceed independently. *Id.*

In its opposition, Lamar observes that even though Lloyd's posits that severance would allow Gutierrez to prosecute his claims and develop the facts, Gutierrez's counsel could have raised that argument but did not do so, and Gutierrez affirmatively stated that he had no objection to the Third-Party Complaint. Dkt. No. 51 at 1-2. In addition, the claims are not as independent as Lloyd's asserts, given Lloyd's admission that if Lamar was held liable to Gutierrez for damages to the vehicles, some portion may be covered under the physical damage section of the insurance policy, and the nature, extent and types of damages to the vehicles was the type of information to be fleshed out in discovery. *Id.* at 2. All parties would need that information and thus discovery should be conducted once. Lamar would also seek discovery against Lloyds (whether or not Lloyd's pursued discovery), and Lloyd's attorneys could sit out the discovery in which it had no interest. *Id*.

Lamar further argues that Lloyd's did not meet the standard for severance under Rule 14(a)(4), given that there was overlap between the original claims and those against the third-party defendant. *Id.* at 3-4. Lamar would be prejudiced by severance because it would have to engage in discovery in two cases where the issues share common factors, evidence, and witnesses. *Id.* at 4. Lloyd's argument that it would be prejudiced if the cases were not severed is that a jury would know Lamar could be indemnified by the Gutierrez claims—which may be a proper consideration for bifurcation but not severance—and a prohibition against a plaintiff introducing evidence of liability insurance under the Federal Rules of Evidence was not at play here. *Id.* at 4-5. In addition, a motion for severance should not be considered when a motion to dismiss was pending or before discovery. *Id.* at 5, 6-7. Bifurcation was "disfavored" by the Third Circuit and Lloyd's did not meet its burden under Rule 42. The fact that Lloyd's admitted to partial liability defeated any assertion that the case should be severed or bifurcated. *Id*.

In its reply, Lloyd's emphasizes the separate legal issues in the two actions, the fact that it has no discoverable information to offer, Lamar focused on Rule 14 but not Rule 21, and the factors considered under Rule 21 favor severance. Dkt. No. 57.

## DISCUSSION

### I. Federal Rules of Civil Procedure 14 and 21

Federal Rule of Civil Procedure 14(a)(1) permits a defendant, as a third-party plaintiff, to serve a complaint "on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). Rule 14 also provides that "[a]ny party may move to

*Gutierrez v. Lamar Contractors, LLC.*
1:22-cv-00014-WAL-EAH
Order
Page 6

strike the third-party claim, to sever it, or to try it separately." Fed. R. Civ. P. 14(a)(4). "The purpose of Rule 14(a) is to avoid circularity of action and multiplicity of litigation." *Spencer v. Cannon Equip. Co.*, Civ. No. 07-2737, 2009 WL 1883929, at *2 (D.N.J. June 29, 2009) (internal citations omitted).

> In order to properly assert a third-party claim under Rule 14(a)(1):
>
> "the third-party liability must be entirely dependent on the impleader's liability to the original plaintiff. Thus, if the third-party plaintiff is found liable on the main claim, the third-party defendant will be liable to the third-party plaintiff under a recognized theory of derivative liability." *Simonson v. Borough of Taylor*, No. 18-2445, 2019 WL 6715789, at *4 (M.D. Pa. Dec. 10, 2019). "Third-party liability must depend on the outcome of the main claim and derive from defendant's liability to the plaintiff in the main action so that, if the third-party plaintiff is found liable, the third-party defendant will be liable to the third-party plaintiff under a theory of indemnification, contribution, or some other theory of derivative liability recognized by the relevant substantive law." *Rocuba v. Mackrell*, No. 10-1465, 2011 WL 5869787, *1 (M.D. Pa. 2011)[.]

*Leventhal v. MandMarblestone Grp. LLC*, No. 18-CV-2727, 2020 WL 2745740, at *7 (E.D. Pa. May 27, 2020); *Hartford Cas. Ins. Co. v. ACC Meat Co., LLC*, No. 1:10-CV-1875, 2011 WL 398087, at *2 (M.D. Pa. Feb. 2, 2011) ("Rule 14(a) has been liberally interpreted to allow the joinder of third-party claims despite allegations of different causes of action or different theories of liability from the original complaint."); Charles Alan Wright & Arthur R. Miller, 6 Fed. Prac. & Proc. Civ. § 1446, When a Third-Party Action is Proper (3d ed. 2023 Update) ("Wright & Miller") ("The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against defendant by the original plaintiff."); *Id*. § 1442 (The purpose of Rule 14 is "to promote judicial efficiency" by avoiding the situation that arises when a defendant has been held liable to

*Gutierrez v. Lamar Contractors, LLC.*
1:22-cv-00014-WAL-EAH
Order
Page 7

plaintiff and then finds it necessary to bring a separate action against a third individual who may be liable to defendant for all or part of plaintiff's original claim.").

Rule 21 permits severing of parties and claims. A court "[o]n motion or on its own. . . may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. "More commonly, Rule 21 has been invoked to sever parties improperly joined under Federal Rule of Civil Procedure 20." Wright & Miller, 7 Fed. Prac. & Proc. Civ. § 1689 (3d ed. 2023 update). It "may also be invoked to prevent prejudice or promote judicial efficiency." *Turner Constr. Co., Inc. v. Brian Trematore Plumbing & Heating, Inc.*, No. 07-00666, 2009 WL 3233533, at *3 (D.N.J. Oct. 5, 2009). "Claims that are severed pursuant to Rule 21 'become independent actions with separate judgments entered in each.'" *Id.* (quoting *White v. ABCO Eng'g Corp.*, 199 F.3d 140, 145 (3d Cir. 1999)). "Severing claims under Rule 21 is appropriate where the claims to be severed are 'discrete and separate' in that one claim is 'capable of resolution despite the outcome of the other claim.'" *Turner Constr.*, 2009 WL 3233533, at *3 (citing *Gafney v. Riverboat Servs. of Ind., Inc.*, 451 F.3d 424, 442 (7th Cir. 2006)).

Case law touching upon Rule 14(a)(4), permitting courts to strike, sever, or try separately the third-party claim, usually involves motions to strike. In *Hearn v. Oriole Shipping, LLC*, No. CV 17-2759, 2018 WL 1509331, at *3 (E.D. Pa. Mar. 27, 2018), the court observed:

> Although the Third Circuit has never established a standard for considering motions to strike a third-party complaint under Rule 14(a)(4), . . . [w]hen considering whether to allow, or to strike, a third-party complaint, courts

*Gutierrez v. Lamar Contractors, LLC.*
1:22-cv-00014-WAL-EAH
Order
Page 8

> "consider whether the third-party complaint would 'introduce an unrelated controversy or unduly complicate the case at trial.'" *Cintron Beverage Grp., LLC v. Depersia*, No. CIV.A.07-3043, 2008 WL 1734184, at *1 (E.D. Pa. Apr. 14, 2008) (quoting *FHF Partners v. KMA Fin. Group, LLC*, No. 05-5309, 2007 WL 710287, at * 2 (E.D. Pa. Mar. 5, 2007)).

*Id.* at * 3. "In considering a motion to strike a third-party complaint, federal courts consider the same factors as those used to determine whether joinder is proper in the first instance." *Cmty. Ass'n Underwriters of Am., Inc. v. Queensboro Flooring Corp.*, No. 10-01559, 2016 WL 1728388, at *1 (M.D. Pa. Apr. 29, 2016). Whether to permit impleader under Rule 14(a), courts consider these factors: "(1) the timeliness of the motion; (2) the probability of trial delay; (3) the potential for complication of issues at trial; and (4) prejudice to the original plaintiff." *Gonzalez v. New Jersey*, No. 14-CV-7932, 2019 WL 291162, at *4 (D.N.J. Jan. 23, 2019) (internal quotation marks omitted).

The considerations for severance under Rule 14 have some similarity to the considerations for severance under Rule 21:

> The United States Court of Appeals for the Third Circuit has not established specific parameters for deciding a motion to sever claims. District courts often consider (1) whether the issues sought to be severed are significantly different from one another and would require distinct evidentiary proof; (2) whether severance would promote judicial economy; and (3) whether either party will be unduly prejudiced by severance or its absence. *See Official Comm. of Unsecured Creditors v. Shapiro*, 190 F.R.D. 352, 355 (E.D. Pa. 2000) (citation omitted). These same considerations are frequently utilized when examining a motion to bifurcate claims under Rule 42(b).

*Henderson v. Mahally*, No. 1:19-CV-1468, 2022 WL 16796756, at *2 (M.D. Pa. Nov. 8, 2022). Whether severing under Rule 14 or 21, the decision is ultimately vested in the court's discretion. *Hearn*, 2018 WL 1509331, at *3 (Rule 14); *Crowley v. Chait,* No. 85–cv–2441, 2006

WL 561919 (D.N.J. Mar. 7, 2006) (The decision whether to sever claims pursuant to Rule 21 or bifurcate claims pursuant to Rule 42(b) "is committed to the sound discretion of the district court."). Notwithstanding these enumerated factors, a court has noted that, with regard to severance, it was "not required to consider anything in particular in reaching its conclusion." *Rodin Props.-Shore Mall, N.V. v. Cushman & Wakefield of Pa.,* 49 F. Supp. 2d 709, 721 (D.N.J. 1999). "No one factor is determinative, and a court must consider the 'overall equities' of a case in ruling on a motion to sever or bifurcate." *Turner Constr.*, 2009 WL 3233533, at *4 (quoting *Rodin*, 49 F. Supp. 2d at 721). The party moving to sever or bifurcate bears the burden of showing that such action is warranted. *Acuity v. Cadillac Transp. Inc.*, No. 21-190, 2022 WL 2490481, at * 4 (W.D. Pa. May 24, 2022).

## II. Analysis

### A. Severance

The Court previously granted Lamar's motion to file a Third-Party Complaint under Rule 14(a)(1), given that it believed that Lloyd's "[was] or may be liable" to it for the damages in the Gutierrez Action. This was a textbook example of a properly-filed Third-Party Complaint, where the third-party plaintiff's harm was "contingent upon the outcome of the underlying action and, thus, the third-party defendant's potential liability is likewise contingent upon the third-party plaintiff underlying liability," *State Coll. Area Sch. Dist. v. Royal Bank of Canada*, 825 F. Supp. 2d 573, 583 (M.D. Pa. 2011); *see also Berger v. Cushman & Wakefield of Pa., Inc.,* No. 13-5195, 2016 WL 8716244, at *3 (E.D. Pa. Mar. 11, 2016) (noting that courts in this Circuit have allowed defendants to bring third-party indemnification

*Gutierrez v. Lamar Contractors, LLC.*
1:22-cv-00014-WAL-EAH
Order
Page 10

claims under Rule 14(a) to "promote judicial efficiency" and reduce the need for "bring[ing] a second action against a third individual who may be liable to defendant for all or part of a plaintiff's original claim.").

Lloyd's severance argument focuses on the fact that Lamar's liability for damages, in the Gutierrez Action, is factually and legally unrelated to Lloyd's duty to defend and indemnify Lamar in the Coverage Action, and thus the issues should be resolved separately. Dkt. No. 49 at 8-10. But if case law interpreting Rule 14(a) expressly allows third party pleading "*only* where the third-party defendant's liability to the third-party plaintiff is dependent on the outcome of the main claim," and where a "defendant attempt[s] to transfer the liability asserted against him by the original plaintiff to the third-party defendant," *American Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800, 805 (6th Cir. 2008) (emphasis added), the issue of a defendant/third-party plaintiff's indemnification and defense is clearly contemplated under the rule. The fact that liability in the Gutierrez Action and defense/indemnification in the Coverage Action present different issues, where Lloyd's was properly impleaded under Rule 14(a) to begin with, is not a sufficient reason to warrant severing the third-party complaint that was properly joined.

Moreover, that rationale for severance—that the two actions do not involve the same questions of fact or law—is weak in this case. While it is true that the legal issues are separate, given the two contracts at issue (CCR-Lamar rental agreements and Lamar-Lloyd's Policy), Lloyd's made what the Court views as a significant concession in its brief when it stated that

*Gutierrez v. Lamar Contractors, LLC.*
1:22-cv-00014-WAL-EAH
Order
Page 11

> [t]he only interest the Coverage Action has in the Gutierrez Action is in seeing an itemization of the nature and extent of the damages for which Lamar may be liable because some portion may be covered under the Physical Damage Coverage Form (Section III), while other portions may not be covered. That, however, is the extent of the overlap between the two.

Dkt. No. 49 at 9. This statement indicates not only that the factual discovery in both cases has significant overlap, rather than the minor overlap suggested by Lloyd's, but also that Lloyd's foresees that the Policy at issue very well may require defense and/or indemnification. Lloyd's also acknowledges in its reply brief that "Lamar may use the same witnesses to testify in both actions," but terms that possibility "coincidental." Dkt. No. 57 at 5. Although Lloyd's argues in its reply that Lamar has the burden of presenting a covered claim, the description of the damages culled from the Gutierrez Action to support those claims will, apparently, determine whether those damages are covered under the Policy (assuming the case proceeds beyond the motion to dismiss phase). Dkt. No. 57 at 2. In other words, "[s]ome version of those facts would necessarily be placed before the fact finder, whether in joint or severed proceedings." *Gonzalez,* 2019 WL 291162, at *4. The damages issue in both actions ties them together, and Lloyd's may sit out any discovery that does not concern it such that it will not waste any of its resources.

It follows that the factors of judicial economy and expediency in assessing severance under Rule 21 are better served by keeping the Gutierrez and Coverage Actions together. While the addition of Lloyd's necessarily expands the scope of the lawsuit, and Lloyd's would obviously prefer to wait and see how its motion to dismiss is adjudicated, in the Court's view, there is no "quantum leap in complexity" with the addition of the Third-Party lawsuit, which

*Gutierrez v. Lamar Contractors, LLC.*
1:22-cv-00014-WAL-EAH
Order
Page 12

is not "out of line for federal court litigation." *Id.* Given that Gutierrez affirmatively stated he had no objection to the third-party action, and the motion for leave to file the third-party complaint was timely filed after numerous demands for defense and indemnification were made and rebuffed, these factors do not weigh in favor of severance either. *Id.*

Lloyd's adds that "severance will not prejudice either Lamar or Gutierrez." Dkt. No. 49 at 9. This statement is conclusory and insufficient and, accordingly, does not weigh in favor of severance.[2]

Lloyd's further asserts that it could be "severely prejudiced" if the Coverage Action remained tied to the Gutierrez Action because "the jury would know that Lamar may potentially be indemnified for the physical damage component of any loss Gutierrez can prove." *Id*. at 9-10. Lloyd's did not, however, explain how this would constitute prejudice. In its reply, it amplifies its contention by asserting that it would be prejudiced because the jury would use the knowledge of insurance in its deliberations over whether Gutierrez should recover from Lamar and in what amount, and there were no limiting instructions that could eliminate such prejudice. Dkt. No. 57 at 5-6. However, Lloyd's provides no case law to

---

[2] In its reply brief, Lloyd's contends that Lamar, the effective Plaintiff in the Coverage Action, cannot turn around and claim victim status if the case is severed. Dkt. No. 57 at 5. In the Court's view, this does not explain how Lamar will not be prejudiced. This argument is also raised for the first time in the reply brief and the Court will not consider it. *United States v. Limetree Bay Terminals, LLC*, No. 21-cv-264, 2023 WL 172757, at * 6 ("[B]ecause Cruz raises this argument for the first time in the Reply Brief, we will not consider it. Instead, we will deem it, like the other arguments that were raised for the first time in the Reply Brief, to be waived.") (quoting *United States v. Cruz*, 757 F.3d 372, 387-88 (3d Cir. 2014), also citing *Lett v. Se. Pa. Transp. Auth.*, No. CV-19-3170, 2020 WL 12702548, at *2 (E.D. Pa. June 11, 2020)).

support its position. Courts have rejected that argument in the context of whether an insurer in a negligence action should be joined as a third-party defendant under Rule 14. *See* Wright & Miller, 6 Fed. Prac. & Proc. Civ. § 1449 (3d ed. 2023 Supp.) (quoting a 1951 district court case rebuffing this argument and noting that it was common knowledge even then that cars were covered by liability insurance, a view "commonly supported . . . by federal courts today.").

Finally, it is improper to consider a motion for severance or bifurcation while a motion to dismiss is pending. *See Estate of Grieco by Greco v. Nat'l Med. Consultants, P.C.,* No. 16-cv-01959, 2021 WL 1238533, at *5 (D.N.J. Apr. 5, 2021) (holding that where motion to dismiss a third-party complaint was not resolved on the merits, the pleadings in that action have not been settled and therefore it was premature to evaluate severance or bifurcation of the third-party action).

The Court concludes that Lloyd's has not met its burden to sever the Coverage Action and will exercise its discretion to deny the motion.

### B. Bifurcation

Rule 42(b) provides that, "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). "When claims are bifurcated under Rule 42, all parts of the action remain 'part of one single action which would result in a single judgment.'" *Turner Constr.*, 2009 WL 3233533, at *3 (citing *White*, 199 F.3d at 145). "Bifurcating claims [under Rule 42(b)] is appropriate 'where claims are factually

*Gutierrez v. Lamar Contractors, LLC.*
1:22-cv-00014-WAL-EAH
Order
Page 14

intertwined, such that a separate trial may be appropriate, but final resolution of one claim affects the resolution of the other.'" *Id.* (citing *Gafney*, 451 F.3d at 442). As indicated above, Courts consider the same factors in deciding a motion to sever under Rule 21 as they do in resolving a motion to bifurcate under Rule 42(b). *Twin City Fire Ins. Co. v. Ovation Fund Servs., LLC*, No. 18-14944, 2019 WL 1275060, at *2 (D.N.J. Mar. 20, 2019). Bifurcation "is disfavored in the Third Circuit." *Clarity Sports Int'l LLC v. Redland Sports,* 400 F. Supp. 3d 161, 184 (M.D. Pa. 2019)

Lloyd's argument in favor of bifurcation spans one sentence: "Alternatively the Court could simply bifurcate the actions and allow them to proceed independently." Dkt. No. 49 at 10. This argument is conclusory and does not explain in any way how bifurcation would be a proper alternative to severance. Moreover, in its reply brief, Lloyd's acknowledges that "bifurcation is not the appropriate remedy." Dkt. No. 57 at 9.

Accordingly, it is hereby **ORDERED** that the Third-Party Defendant Certain Underwriters at Lloyd's London's Motion to Sever or, Alternatively, to Bifurcate the Third-Party Complaint, Dkt. No. 48, is **DENIED**.

ENTER:

Dated: May 1, 2023

/s/ Emile A. Henderson III
EMILE A. HENDERSON III
U.S. MAGISTRATE JUDGE